UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHNATHAN HOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01280-RLY-TAB |
| | ) | |
| MEIJER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**INTERIM ORDER**

On March 25, 2026, the Court held a show cause hearing stemming from Plaintiff Johnathan House's non-compliance with discovery and Case Management Plan deadlines and his failure to appear at a February 18, 2026, status conference. In the interim, Defendant Meijer, Inc. has raised allegations of bad faith conduct that warrant additional actions while the ultimate ruling on the show cause hearing remains under advisement. Specifically, Defendant alleges that Plaintiff (1) continues to use abusive language with Defendant's counsel and (2) filed a fabricated exhibit. [Filing No. 29.]

*Pro se* parties, like attorneys, must approach discovery cooperatively and deal courteously with opposing parties. *See* Fed. R. Civ. P. 26(g) (requiring discovery responses to be reasonable and not for any improper purposes, such as harassment); Fed. R. Civ. P. 11(b)(1) ("By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies . . . it is not being presented for any improper purpose, such as to harass[.]"); *Mohammed v. Anderson*, 833 Fed. App'x 651, 653-55 (7th Cir. 2020) (emphasizing "the inherent sanctioning authority" of the district court when affirming the dismissal of a *pro se* plaintiff's case due to abusive and inappropriate communications

1

sent to opposing counsel).  Plaintiff previously responded to discovery with a January 19, 2026, letter containing expletives, personal attacks, and a refusal to produce records.  [Filing No. 21-2.]  In a February 18, 2026, order [Filing No. 23], the Court notified Plaintiff that the language of his January 19 letter was inappropriate.  At the March 25 hearing, the Court discussed the January 19 letter, including portions where Plaintiff called a S.D. Ind. Local Rule 37-1 letter from Defendant's counsel "pure garbage," told Defendant's counsel to "stop the bullshit," and called Defendant's counsel "pathetic," "incompetent," and "unethical."  Plaintiff acknowledged writing the letter—stating that it "sounds like me."  The Court told Plaintiff that such language is harassing, violates Fed. R. Civ. P. 11, and must stop.  Despite that, Plaintiff's emails to Defendant's counsel since that hearing continue to exhibit hostility and insults.  Most notably, Plaintiff's email sign offs contain presumably rude abbreviations, such as "GFY," "GFYYSF," and "YNC."[1]  [Filing No. 29-13, at ECF p. 2-4.]  The Court is aware that some of those terms are generally understood as profanity and will not tolerate abusive or disrespectful behavior between the parties.  **Plaintiff shall file a statement defining these abbreviations as used in his emails to Defendant's counsel by May 12, 2026.**

Additionally, the parties now dispute whether Plaintiff served answers to interrogatories on November 17, 2025, or first provided them contemporaneously with a motion on March 26, 2026—the day after the show cause hearing.  Moreover, Defendant questions the authenticity of the exhibit Plaintiff filed in support of his claim that he answered interrogatories months ago.  In its motion to compel [Filing No. 21] and at the February 18 and March 25 hearings, Defendant maintained that Plaintiff never answered interrogatories served on November 11, 2025.  At the

---

[1] These only represent emails sign offs used since the March 25 hearing.  Emails recently filed with the Court that pre-date the hearing contain similar sign offs, including "GFYF" and "GFYW." [Filing Nos. 25-1, at ECF p. 4, 8.]

March 25 hearing, Plaintiff disputed this.  The next day, Plaintiff filed a motion alleging, in part, that he answered interrogatories on time.  In support of this claim, Plaintiff filed a screenshot of an email to Defendant's counsel dated November 17, 2025.  [Filing No. 28-1, at ECF p. 3.]  The screenshot shows Plaintiff as the sender; four recipients associated with Defendant's counsel; the date and time of the email; and a PDF icon indicating an attachment entitled "answers.pdf."  However, the screenshot shows neither the subject line nor the body of an email.  Defendant's counsel states that extensive searches of their inboxes, spam boxes, and firm server by their IT personnel have revealed no evidence that Plaintiff sent them the November 17 email.[2]  Defendant maintains that the original email is needed to determine its authenticity and that Defendant's discovery requests require production of the original email.  [Filing No. 29, at ECF p. 2, 7.]  Defendant's counsel requested that Plaintiff forward the original email to them.  Plaintiff refused.  [Filing No. 29-13.]  Furthermore, Defendant argues that the late emergence of the November 17 email undermines the email's credibility.  [Filing No. 29, at ECF p. 6.]  Indeed, Plaintiff failed to produce this evidence of timely service of his answers to interrogatories on past occasions when it would have been logical and prudent to do so—such as in response to the January 16, 2026, overdue discovery letter; the January 28, 2026, motion to compel; or the February 18, 2026, order finding that discovery objections were waived due to Plaintiff's failure to respond to discovery on time.

The Court makes no ruling as to the authenticity of the November 17 email, but the allegations of fabrication are serious and concerning.  Defendant's request for the original

---

[2] The email filed by Plaintiff contains a timestamp of 11:09 a.m.  Defendant's counsel located another email from Plaintiff with a timestamp of 11:33 a.m. that day.  It lists only two recipients and contained an attachment entitled "Document (5)(2)."  [Filing Nos. 29-14, 29-15.]  The 11:33 a.m. email is a different email and not the subject of this order.

November 17 email is reasonable and warranted. **Plaintiff shall produce to Defendant's counsel the original November 17 email by May 12, 2026.** As to the manner of production, Plaintiff shall save the original email as an .eml or .msg file and attach the file to an email to Defendant's counsel, with copy to the magistrate judge at MJBaker@insd.uscourts.gov. This manner of production should yield metadata regarding the interrogatory compliance dispute. If production of the original email leads to new insights as to discovery compliance or evidence fabrication, then either party may file a supplemental brief, not to exceed five pages, by May 26, 2026. Failure to produce the original email may result in an adverse inference regarding the email's authenticity. Plaintiff's statement regarding his email sign-offs shall also include a statement confirming production of the original November 17 email.

Date: 4/28/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JOHNATHAN HOUSE
3410 N. Highschool Road
Indianapolis, IN 46224

4